# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL GRAND,** | ) | CASE NO: 1:22-cv-1594 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| **CITY OF UNIVERSITY HEIGHTS, et al.** | ) | **DEFENDANT JACK KLUZNIK'S** |
| | ) | **MOTION TO DISMISS THE** |
| Defendant. | ) | **PLAINTIFF'S AMENDED** |
| | ) | **COMPLAINT** |
| | ) | |

Defendant Jack Kluznik respectfully moves this Court for an order dismissing all claims against him pursuant to Fed. R. Civ. P. 12(b)(6).  The plaintiff alleges that Mr. Kluznik engaged in a civil conspiracy to deprive him of his civil rights despite the fact that Mr. Kluznik was and remains a private citizen.  The plaintiff's allegations fail to state a claim upon which relief may be granted because: (1) they were filed outside the statutory period; (2) Mr. Kluznik is immune from the plaintiff's claims because he was exercising his first amendment rights; and (3) the plaintiff failed to plead his conspiracy claim with specificity as required by law.  A memorandum in support is attached and incorporated herein.

Respectfully submitted,

/s/ Joseph Monroe II
**JOSEPH MONROE II (0086540)**
**JENNIFER L. GARDNER (0080817)**
GALLAGHER SHARP LLP
1215 Superior Avenue, 7th Floor
Cleveland, Ohio 44114
PH: 216-241-5310 FAX: 216-241-1608
Email: jmonroe@gallaghersharp.com
jlgardner@gallagherhsharp.com
*Attorneys for Defendant Jack Kluznik*

**MEMORANDUM IN SUPPORT**

I.     **STATEMENT OF CASE AND FACTS**

This matter arises out of a dispute related to the plaintiff's application to the City of University Heights Planning Commission for a special use permit to hold public religious gatherings at his private residence. The plaintiff submitted his special use permit application on or around January 22, 2021. (Am. Compl., Doc. No. 25 at ¶ 57.) On March 4, 2021, a virtual hearing was held on the plaintiff's application, which was attended by over 100 people. (*Id*. at ¶ 61.) Upon its conclusion, the planning commission tabled the application and the hearing was continued to March 23, 2021. (*Id*. at ¶ 86, 88.) The plaintiff withdrew his application at some point before the March 23, 2021 hearing. (*Id*. at ¶ 110.)

Defendant Jack Kluznik ("Kluznik") is a longtime University Heights resident. Kluznik is not now, and has never been, a University Heights elected or non-elected official. (*See Id*. at ¶ 31.) The plaintiff's single cause of action against Kluznik is for civil conspiracy under 42 U.S.C. § 1983 and alleges that Kluznik conspired with University Heights officials to oppose the plaintiff's application and thereby violated the plaintiff's constitutional rights. (*Id*. at ¶ 468.)

With regard to Kluznik's alleged conspiratorial activity, the first amended complaint, in pertinent part, states as follows:

-     Defendants Christopher Cooney and Jack Kluznik were the acknowledged leaders of the residents' opposition to Grand's application. (*Id*. at ¶ 66.)

-     Upon information and belief, Cooney and Kluznik were in contact with members of the [planning commission] and Law Director about the hearing prior to the hearing. (*Id*. at ¶ 67.)

-     Defendants Cooney and Kluznik, two City residents, attended the hearing and spoke in opposition. (*Id*. at ¶ 73.)

-     Kluznik and Cooney communicated with and coordinated with [the law director] prior to the March 23, 2021 hearing. (*Id*. at ¶ 108.)

2

- Upon information and belief, in advance of the hearing, Brennan conspired with city residents, including Cooney and Kluznik, to gin up hostile opposition to Plaintiff's application by deliberately spreading disinformation about Plaintiff's intentions and encouraging people to attend the hearing to express hostile opposition and further intimidate Plaintiff. (*Id*. at ¶ 133.)

- Cooney and Kluznik violated [18 U.S.C.] 1512(c)(2) by acting as a liaison and communicating ex parte with McConville, Brennan, and members of the Planning Commission to gin up community opposition which influenced the official proceeding as set forth above. (*Id*. at ¶ 393.)

These allegations against Kluznik, taken as true for the purposes of this motion only, fail to state a claim under 42 U.S.C. § 1983 for civil conspiracy because: (1) they were not filed within the applicable 2-year statute of limitations; (2) Kluznik is immune as the exercise of his own first amendment rights may not serve as the basis of a § 1983 claim; and (3) the Amended Complaint fails the requirement that the factual allegations supporting a claim for civil conspiracy be pled with specificity. Accordingly, Kluznik is entitled to the dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

II. LAW AND ARGUMENT

    A. **Legal Standard: Fed. R. Civ. P. 12(b)(6)**

The Federal Rules of Civil Procedure permit a party to defend against that action on the basis that the complaint fails to state a legally cognizable claim. A motion to dismiss tests the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true only the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Allegations that are "naked assertion[s] devoid of further factual enhancement," are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

3

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a proper basis for raising a statute of limitations defense. *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper when "the complaint shows that the action was not brought within the statutory period." *Duncan v. Leeds,* 742 F.2d 989, 991 (6th Cir. 1984) (quoting *Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978)). It is also appropriate to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when the defendant is immune from suit because his or her actions were protected by the first amendment. *Mariana v. Fisher*, 338 F.3d 189, 197 (3rd Cir.). Finally, it is well-settled that factual allegations supporting conspiracy claims must be pled with specificity. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016). If no such specific facts are alleged, a conspiracy claim does not survive the motion-to-dismiss stage. *Id.* at 401.

  **B.**  **The Plaintiff Did Not Timely File Against Jack Kluznik.**

    **1.**  **Two-Year Statute of Limitation Applies.**

The plaintiff's claims are barred by the statute of limitations. Causes of action under 42 U.S.C. § 1983 are governed by a two-year statute of limitations. A specific period is not provided by the statute. As a result, the Sixth Circuit applies the "general" or "residual" state statute of limitation applicable to personal injury claims. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (citing *Owens v. Okure,* 488 U.S. 235, 249–50 (1989)). In Ohio, the statute of limitations for personal injury claims is two years. Ohio Rev. Code § 2305.10(A).

Although state law governs the statute of limitations applicable to § 1983 actions, federal law governs the question of when the statute of limitations begins to run. *Harris v. City of Canton*, 725 F.2d 371, 372–73 (6th Cir. 1984). In determining when the cause of action accrues in § 1983 actions, the Sixth Circuit identifies "what event should have alerted the typical lay

4

person to protect his or her rights." *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989). The Sixth Circuit has further held that "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

The plaintiff had reason to know of his injury no later than March 4, 2021. On that date, the University Heights Planning Commission held a hearing on the plaintiff's application for a special use permit. (Am. Compl., Doc. No. 25 at ¶ 61.) The plaintiff described the hearing as atypical due to the number of people in attendance. *Ibid*. He also alleged that during the hearing, which he attended with his own counsel, "several angry residents vehemently expressed their opposition" to his application for a special use permit. (*Id*. at ¶¶ 71,72.) Therefore, the plaintiff had reason to know of his alleged injury on March 4, 2021.

While, very notably, the test for the running of the statute of limitations is *not* when the plaintiff learns the identities of those who he alleges are responsible for his injury, March 4, 2021 is also the date when the plaintiff became aware of any involvement by Kluznik. On that date, Kluznik spoke at the aforementioned hearing in opposition to the plaintiff's application for a special use permit. (*Id*. at ¶ 73.) Kluznik began his remarks, which were incorporated into the record by the amended complaint, by stating his name and address. (*Id*. at ¶ 61.) The period of time in which the plaintiff has alleged that Kluznik violated his civil rights started with the hearing on March 4, 2021. The plaintiff's amended complaint was filed on May 9, 2023 – well outside the statutory period – and fails to state a claim against Kluznik on its face.

    **2. The Plaintiff's Claims Against Kluznik Do Not Relate Back.**

The plaintiff's amended complaint seeks to add Kluznik as a *new* party to this action. Accordingly, the plaintiff's claims against Kluznik do not relate back to the date of the original

5

complaint. Established Sixth Circuit precedent holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)).

Fed. R. Civ. P. 15(c), which governs the relation back of amended pleadings, does not encompass a plaintiff's mistake in choosing whom to sue. *Dorsey v. Wilkinson,* No. 1:05-CV-1760, 2006 WL 1561493, *10 (N.D. Ohio June 2, 2006). When a plaintiff waits until near the end of the statutory period to file his complaint, he assumes the risk of not discovering the identity of certain defendants within the relevant time. *See Smith v. City of Akron*, 476 Fed.Appx. 67, 69 (6th Cir. 2012). "Rule 15(c) offers no remedy for this problem." *Id*. Because the plaintiff's amended complaint naming Kluznik as a new party was filed outside the statutory period, it does not relate back and is subject to dismissal for violating the statute of limitations.

      **C.**    **Kluznik Has Immunity to Plaintiff's 42 U.S.C. § 1983 Claim.**

Kluznik, like every citizen, has the right to "petition the Government for a redress of grievances." U.S. Const. Amend. I. The Supreme Court holds that a citizen's right to petition is "among the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967). The "very idea" of a republican form of government implies the right to petition. *U.S. v. Cruikshank*, 92 U.S. 542 (1875). Under the Noerr-Pennington Doctrine, parties are immune from liability arising from petitioning any level of the government. *Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 56-57 (1993). This immunity exists so that "parties may petition the government for official action favorable to their interests without fear of suit, even if the result of

6

the petition, if granted, might harm the interests of others." *Tarpley v. Keistler*, 188 F.3d 788, 794 (7th Cir. 1999). The Sixth Circuit directs that this immunity applies in cases brought pursuant to 42 U.S.C. § 1983. *Eaton v. Newport Bd. of Educ.*, 975 F.2d 292, 298 (6th Cir. 1992).

In *Eaton*, certain individual defendants successfully lobbied for the termination of an elementary school principal. The defendants' actions included publicly speaking in favor of the plaintiff's termination, participating in protests outside of a school board meeting and hearing, and threatening legal action against the school board if it did not terminate the principal. *Id*. at 296. The principal sued, alleging in part that the defendants engaged in a civil conspiracy in violation of his constitutional rights under § 1983. *Ibid*. A jury held that the individual defendants' efforts to terminate the principal exemplified "outrageous conduct," amounted to a civil conspiracy, and awarded substantial monetary damages to the principal. *Ibid*. The Sixth Circuit reversed.

In so holding, the *Eaton* court opined that "defendants cannot be held liable [under § 1983] for their actions in this case, since those actions were protected by the first amendment rights to speak freely and petition the government." *Id*. at 299.[1] It recognized that the activities alleged to have been conspiratorial were instead perfectly legal, as shown here:

> What is relevant, and dispositive, is that all of the actions taken by the defendants, even if everything Eaton says is true, are simply not actionable because they are all protected by the first amendment. In short, **what Eaton attempts to characterize as a conspiracy is more accurately and commonly known as free expression and political organizing**.

---

[1] A limited "sham" exception to this immunity applies in cases "which persons use the governmental *process* – as opposed to the *outcome* of that process – as an anticompetitive weapon." *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380 (1991) (emphasis original). It does not apply in cases, such as this one, where the petitioning was actually intended to influence a governmental outcome. *Colson v. City of Shaker Heights*, 880 F. Supp. 1161, 1169 (N.D. Ohio 1995), aff'd, 103 F.3d 129 (6th Cir. 1996).

*Id*. at 297 (emphasis added). The court also noted that a citizen's right to petition is not limited to "goals that are deemed worthy[,]" nor limited to "fair comments[,]" and that the immunity applies "regardless of the motives of the petitioners." *Id*. at 298. In fact, the immunity is so potent it protects petitioners acting with an improper motive. *Mariana*, 338 F.3d 189 at 197.

Following *Eaton*, many courts have held that rights which are protected by the first amendment cannot provide the basis for § 1983 liability. *Wilder v. Hall*, 501 F.Supp.2d 887, 896 (E.D. Kentucky 2007), *Rondigo, LLC v. Township of Richmond, Mich.*, No. 08-cv-10432, 2012 WL 1021726, at *5 (E.D. Mich. Mar. 27, 2012). There are multiple cases holding that individual citizens and neighborhood organizations are immune from liability under § 1983 for petitioning local government officials in cases with nearly identical facts as this one. *Christian Gospel Church, Inc. v. San Francisco*, 896 F.2d 1221, 1226 (9th Cir.) (holding that neighborhood organization who lobbied planning commission to deny church's application for a use permit had no § 1983 liability and was "doing what citizens should be encouraged to do, taking an active role in the decisions of government."); *Evers v. Custer County*, 745 F.2d 1196, 1204 (9th Cir. 1984) (holding that individuals who wrongfully lobbied commissioners for closing of a public road were immune from conspiracy charge); *Gibson v. City of Alexandria*, 855 F.Supp. 133, 135-36 (E.D. Virginia) (granting individual's motion to dismiss plaintiffs' § 1983 conspiracy claim stemming from defendant's lobbying planning commission to deny plaintiff's application for a special use permit).

One additional such case was decided by this Court, and involved a dispute in a community next to University Heights, Ohio. *Colson v. City of Shaker Heights*, 880 F. Supp. 1161, 1168–69 (N.D. Ohio 1995), aff'd, 103 F.3d 129 (6th Cir. 1996). In *Colson*, a neighborhood association petitioned Shaker Heights officials in relation to the plaintiff's

8

application for a permit to operate a lounge. *Id*. at 1164. Plaintiffs filed suit against the association under § 1983 and other statutes, alleging that its opposition was racially motivated. *Id*. at 1164-65. This Court dismissed the lawsuit under Fed. R. Civ. P. 12(c), citing the neighborhood association's first amendment immunity for its actions in opposing the plaintiffs' project. *Id*. at 1169. In pertinent part, this Court held "[t]he First Amendment protects attempts to influence the passage or enforcement of laws, regardless of the motivation of the petitioner, and regardless of how harmful its impact on third parties may be." *Id*. at 1168-69.

In another decision from the Southern District of Ohio, a complaint against two individuals for allegedly conspiring with township officials in violation of the plaintiff's civil rights to stop plaintiff's operation of a housing facility for disabled children was dismissed under Fed. R. Civ. P. 12(b)(6). *Eagles Nest Ranch and Academy v. Bloom Tp. Bd. of Trustees*, No. 2:06-cv-242, 2007 WL 650485 (S.D. Ohio Feb. 26, 2007). The *Eagles Nest* court again noted that individual defendants were immune from liability for their actions in petitioning the local government and holding meetings because of the first amendment. *Id*. at *5. This immunity applied regardless of the defendants' motivation. *Ibid*.

In this case, Kluznik is alleged to have conspired to "gin up" neighborhood opposition to the plaintiff's application for a special use permit, contacted University Heights officials relative to the same, and served as a liaison between city officials and the neighborhood opposition group.[2] These are all legal activities protected by the first amendment. They are also activities, as characterized by the *Eaton* court, "more accurately and commonly known as free expression and political organizing." *Eaton*, *supra*, at 297. Holding neighborhood meetings to discuss problems with the plaintiff's special use permit application is not actionable. *Eagles Nest*, *supra*,

---

[2] Part I, *supra*.

at *5.  Attending local government meetings and opposing the plaintiff's permit application is not actionable.  *Colson*, *supra*, at 1169.  Talking to city officials privately and lobbying for the denial of the plaintiff's special use permit application is not actionable.  *Evers*, *supra*, at 1204.  Neither then are the actions alleged to have been taken by Kluznik.  Instead, they are all textbook examples of the exercise of one's first amendment rights.  Kluznik is immune from the plaintiff's allegations and the first amended complaint should be dismissed accordingly.

> D. **Conspiracy Not Specifically Pled Against Kluznik.**

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "It is well-settled that **conspiracy claims** must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (emphasis added).  A complaint alleging conspiracy must contain specific facts from which a conspiracy could be established.  *Wilder*, *supra*, at 894, citing *Gutierrez*.  When allegations of civil conspiracy are "naked assertion[s] devoid of further factual enhancement," they are not sufficient to survive the motion-to-dismiss stage.  *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985).  To establish a claim for civil conspiracy, a plaintiff must establish: "(1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) the existence of an unlawful act

10

independent from the actual conspiracy." *Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F. Supp.2d 862, 898 (N.D. Ohio 2001).[3]

Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law. 42 U.S.C.A. § 1983. As a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities. 42 U.S.C.A. § 1983. *Weser v. Goodson*, 965 F.3d 507 (6th Cir. 2020). Private persons jointly engaged with state officials in a deprivation of civil rights can be held to be acting under color of law for purposes of § 1983. *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). A private person is to have acted under the color of law when, *inter alia*, he or she has acted together with or has obtained significant aid from state officials. *Styles v. McGinnis*, 28 Fed. Appx. 362 (6th Cir. 2001).

There are no specific factual allegations in the amended complaint from which the Court could infer that the acts alleged to have been committed by defendant Kluznik, a private citizen, were done under color of law. The amended complaint does not allege, either explicitly or implicitly, that Kluznik was acting "under color of law." The factual allegations pled also do not demonstrate that Kluznik entered into an agreement with Defendants to deprive plaintiff of constitutional rights. No factual allegations in the amended complaint support the plaintiff's baseless claim that Kluznik tampered with a witness, victim, or informant in violation of 18 U.S.C. 1512(c)(2). Finally, there are no specific facts pled to establish that Kluznik "jointly engaged" with University Heights officials in a conspiracy to deprive the plaintiff his constitutional rights.

---

[3] The amended complaint does not set forth factual allegations of illegal activity by Kluznik as established in Part II, Section C, which is incorporated here.

The plaintiff's conclusory allegations that Kluznik conspired to "gin up opposition" and "communicated *ex parte*" with University Heights officials are not allegations of illegal or improper activity, nor are they specific factual allegations supportive of a cognizable conspiracy claim. Even when construing such allegations in a light most favorable to the plaintiff, no reasonable person could believe such general factual allegations support the existence of civil conspiracy. Because the plaintiff failed to allege any specific facts to support his conclusory allegations that Kluznik engaged in a civil conspiracy with University Heights officials to deprive the plaintiff of his civil rights, his claim against Kluznik should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the plaintiff's first amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ Joseph Monroe II
**JOSEPH MONROE II (0086540)**
**JENNIFER L. GARDNER (0080817)**
GALLAGHER SHARP LLP
1215 Superior Avenue, 7th Floor
Cleveland, Ohio 44114
PH: 216-241-5310 FAX: 216-241-1608
Email: jmonroe@gallaghersharp.com
jlgardner@gallagherhsharp.com
*Attorneys for Defendant Jack Kluznik*

**CERTIFICATE OF SERVICE**

      I hereby certify that on **July 28, 2023**, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

      /s/ Joseph Monroe II
**JOSEPH MONROE II (0086540)**
**JENNIFER L. GARDNER (0080817)**
GALLAGHER SHARP LLP
*Attorneys for Defendant Jack Kluznik*