**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| GRAND, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-1594 |
| | ) | |
| UNIVERSITY HEIGHTS, et al. | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY**

## INTRODUCTION

In this unopposed motion, Plaintiff seeks a 90-day extension of the current deadline for fact and expert discovery and a corresponding extension of the deadline for dispositive motions.

The present case raises complex Constitutional issues that warrant the development of a full factual and expert record. Plaintiff, an Orthodox Jew, alleges that the City improperly prevented him from holding private prayer meetings in his own home, and issued a cease-and-desist letter that constitutes a prior restraint on the exercise of his religious liberty and then issued an oral order that barred him from engaging in any "activities consistent with" a "house of assembly," an overly broad injunction that effectively barred him from holding private prayer groups in his home.

The case also has complicated procedural issues because the City can only formally consider settlement proposals at bi-monthly council meetings at which much other City business is also conducted, and scheduling depositions for busy City council officials involved in the proceedings that resulted in the deprivation of Plaintiff's constitutional rights is challenging. Meanwhile, Plaintiff and his counsel of record, both Orthodox Jews, celebrated two of the most important holidays in the Jewish calendar during the period leading up to the existing deadline,

which itself lies on the cusp of the Thanksgiving, Christmas, Chanukah, and New Year holiday season.

Throughout the discovery that has been conducted to date, a consistent theme emerges: there was a great deal of confusion surrounding the nature of the private prayer group Plaintiff sought to hold in his home, exacerbated by cultural differences among different members of the community, the meaning of Hebrew and Yiddish terms, and the nature of Orthodox religious practice.

Given the importance of the Constitutional issues involved in this matter, the need to develop a record that will provide the Court and the ultimate trier of fact with as clear and well-developed factual record as possible, Plaintiffs' diligence in pursuing his case while also seeking to explore settlement in good faith, the scheduling difficulties resulting from the press of business for City officials, the observance of important Jewish holidays for Plaintiff, and the absence of prejudice to any party, Plaintiff respectfully submits that there is not only "good cause" under Fed. R. Civ. Pro. 16 for an extension of the discovery deadlines, but that there are also "extraordinary and compelling" circumstances that warrant the requested unopposed request for a 90-day extension of the deadlines for fact and expert discovery, with a corresponding extension of the deadline for dispositive motions.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint initiating this action on September 8, 2022. Dkt. 1. On January 25, 2023, the Court assigned the case to the complex track and set a deadline of October 9, 2023 for fact and expert discovery and a deadline for dispositive motions of November 13, 2023. Dkt. 19. On May 1, 2023, following settlement discussions between the parties, Plaintiff made an oral application for an extension of deadlines that was granted by minute order. Pursuant to the May 1,

2023 minute order, the deadline for expert and fact discovery was extended to November 12, 2023 and the deadline for dispositive motions was extended to January 12, 2023. On May 9, 2023, Plaintiff filed an Amended Complaint. Dkt. 25. On May 22, 2023, the City sought an enlargement of time to respond to the Amended Complaint. Dkt. 28. The requested enlargement was granted by the Court by Minute Order on May 24, 2023. On July 10, 2023, the Court held a telephonic status conference at which the Court informed the parties that the existing discovery and dispositive motion deadlines remained in place and would not be modified absent "extraordinary and compelling reasons." On July 28, 2023, the City and the individual City defendants filed their Answer. Dkt. 43. Two individual defendants, Christopher Cooney and Jack Kluznik, filed motions to dismiss the Amended Complaint as to them on the same day. Dkt. 42 and 44. Plaintiff decided to concentrate his resources on the City and City officials and filed a Rule 41 voluntary dismissal of the action against Mr. Cooney and Mr. Kluznik. Dkt. 49, Dkt. 50. The City also made its disclosure of expert witness on October 9, 2023. Dkt. 51.[1] Meanwhile, the remaining parties redoubled their efforts at settlement and held several telephonic meet and confer sessions. On October 24, 2023, Plaintiff issued a formal demand to the City and requested a response by November 8, 2023. Based on previous discussions, Plaintiff was optimistic that the parties would move closer to a resolution of the matter.

In the interim, Plaintiff submitted to a deposition and the City produced the Mayor, Michael Brennan, who sat for a full 7-hour deposition on October 31, 2023. The City has not responded to Plaintiff's demand letter, and it appears that an early settlement of the matter will not be possible. The parties are now in a position in which fact and expert discovery must be completed in only a few days, which, as a practical matter, is impossible.

[1] Plaintiff intends to make his disclosure of experts witnesses in the next few days.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides for modification of a scheduling order upon a showing of “good cause” and the consent of the court. "The primary measure of Rule 16's `good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,*281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,*349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quotations omitted). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary,*349 F.3d at 906 (citing *Inge,*281 F.3d at 625). In addition, the Court has stated that absent “extraordinary and compelling reasons” no extensions of the discovery schedule will be granted.

## LEGAL ARGUMENT

For the reasons discussed below, Plaintiff submits that good cause, as well as extraordinary and compelling circumstances, exist for an extension of the discovery deadline.

First, the parties have been engaged for an extended period in good faith settlement negotiations, which move slowly because one of the Defendants is the City of University Heights, to whom settlement demandsmust be brought during executive sessions of the City Council that only occur twice a month and not at all during the summer. The attempt to find an early resolution of the case caused the parties to defer costly and time-consuming individual and expert discovery, a substantial portion of which remains outstanding.

Second, although some depositions have been conducted, many remain outstanding, including those of six named defendants and several contemplated third-party depositions. The parties have worked collaboratively to schedule depositions, but scheduling is difficult for busy

city officials, and will be even more difficult over the next several months with the approaching holiday season. In addition, expert discovery remains outstanding. Plaintiff will introduce expert testimony to support Plaintiff's valuation of his real estate and the calculation of his economic losses, as well as the meaning of key Hebrew and Yiddish terms, and the specific Jewish practices at issue in this case. The Court, the trier of fact, and Defendants would all be prejudiced if the relevant experts were not deposed and their reports subject to rebuttal, so a full view of the case can emerge from the adversary process. Conducting this discovery so as to prepare properly for trial calls for a significant extension of the discovery schedule.

Third, as noted, the coming holiday season will add to the difficulties of scheduling and completing discovery. A short extension would not address the difficulties of preparing a full record in the midst of the holiday schedule. Given the fact and expert depositions remaining, a 90-day extension is reasonable and will still require the parties to prioritize this matter over competing issues.

Fourth, the Defendants here are busy City officials with important municipal business, but whose testimony should also be taken in advance of summary judgment, both as a matter of fairness to both parties and to ensure that summary judgment motions are based on the most complete possible record.

Fifth, Plaintiff has diligently pursued this case, notwithstanding the religious holidays during September and October that curtailed his and his counsel of record's availability. Plaintiff has sought material information through a FOIA request, issued discovery demands to the City and an individual defendant, reviewed thousands of pages of documents, carefully evaluated its case against two parties and concluded voluntary dismissal was in the best interest of an efficient resolution of the case, submitted to his own deposition and worked together with the opposing

counsel and their clients to scheduled and take the deposition of Mayor Michael Brennan, the busiest of the City officials—all while negotiating in good faith under challenging conditions with a municipality whose operating procedures are not geared towards rapid resolution of significant dispute. Despite this diligence, substantial work remains. Properly preparing on all these issues will result in clearer briefing on summary judgment and at trial.

Finally, Defendants do not oppose the extension, and there will be no prejudice to them from a 90-extension. On the contrary, and for many of the same reasons outlined for Plaintiff, the City will also benefit from the extension in preparing its defense and bolstering its position for summary judgment and trial. Because only three days remain until the close of fact and expert discovery, Plaintiff submits that both parties' interest in fully developing the factual record in this case, which has not been possible to date despite the diligence of both sides, creates the "extraordinary and compelling reasons" required by the Court for an extension of the discovery deadlines in this case.

**CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully submits there is good cause for a 90-day extension of the discovery deadline to February 10, 2023, with a corresponding adjustment of the date for dispositive motions to April 10, 2023.

Dated: November 9, 2023

Respectfully submitted,

/s/ Jonathan S. Gross
Jonathan S. Gross, Esq.
BAR ID: MD 1912170138
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

/s/ Eden P. Quainton
Eden P. Quainton, Esq.
QUAINTON LAW PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
(212) 419-0575
eden.quainton@quaintonlaw.net

*Counsel for Plaintiff Daniel Grand*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on November 9, 2023

/s/ Jonathan Gross

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with opposing counsel and the motion is unopposed.

/s/ Jonathan Gross