UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DANIEL GRAND, | ) | CASE NO.  1:22-cv-01594 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |  |
|  | ) |  |
| CITY OF UNIVERSITY HEIGHTS, *et al.*, | ) | **OPINION AND ORDER** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

Before this Court is Plaintiff's unopposed motion for a 90-day extension of the deadlines. (Doc. No. 53.)  For the reasons that follow, this motion is GRANTED in part.

By way of background, Plaintiff initiated this case on September 8, 2022.  (Doc. No. 1.) In their Fed. R. Civ. P. 26(f) report, the parties asked the Court to adopt the following deadlines: all discovery: 10/9/2023; expert report(s) for the party bearing the burden of proof: 5/1/2023; responsive expert report(s): 6/30/2023; and dispositive motions: 11/13/2023.  (Doc. No. 15 at PageID 179.)  The Court adopted these deadlines at the January 25, 2023, Case Management Conference.  (Doc. No. 19 at PageID 198.)

On May 1, 2023, the Court held a telephonic status conference and granted Plaintiff's oral motion to extend all deadlines.  The Court established the following deadlines: expert report(s) for the party bearing the burden of proof: 9/1/2023; responsive expert report(s): 10/9/2023; all discovery: 11/12/2023; and dispositive motions: 1/12/2024.  (5/1/2023 Minute Order.)  On July 10, 2023, the Court held a status conference and warned the parties that "[a]bsent extraordinary and compelling reasons, no [deadline] extensions [would] be granted."

(7/10/2023 Minutes of Proceedings.)

Nonetheless, on October 9, 2023, Plaintiff filed a motion for a 90-day extension of all deadlines, including the already expired expert report(s) for the party bearing the burden of proof deadline and the general discovery deadline set to expire in three days.  (Doc. No. 53 at PageID 460.)

Fed. R. Civ. P 16(b) governs the extension of dates and deadlines in a court's scheduling order.  "Rule 16 permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'"  *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  A party demonstrates sufficient good cause to alter the discovery deadlines established by the Court when it shows that, despite its diligence, the established deadline could not be met.  *See id*. District courts enjoy wide latitude in "manag[ing] the discovery process and control[ling] their dockets."  *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)).

Based on the arguments advanced by Plaintiff in his motion and at the November 14, 2023, status conference, Plaintiff has not demonstrated good cause.

Plaintiff's main reasons for extending the general discovery deadline are that the parties prioritized settlement over discovery and that scheduling depositions with city officials has been difficult due to conflicts and numerous holidays.  But prioritizing settlement over discovery does not demonstrate good cause.  *Bermudez v. AFR Env't Corp.*, No. 16-61363-CIV, 2017 WL 11220350, at *5 n.2 (S.D. Fla. Apr. 13, 2017) ("It is well settled that ongoing settlement discussions are insufficient to furnish good cause to modify the Court's Scheduling Order under Rule 16(b)(4)." (collecting cases)).  Plaintiff has also known about holidays and the potential

difficulty in scheduling depositions with city officials since he filed his complaint in September

2022.  (Doc. No. 1.)

Plaintiff's basis for an extension of the expert report(s) for the party bearing the burden of

proof deadline does not fare any better.  Plaintiff claims that such an extension should be granted

because, during Mayor Brennan's deposition, it became apparent that an expert on key Hebrew

and Yiddish terms and Orthodox Jewish practices (such as the religious necessity for a "shul")

would assist the factfinder.  (*See* Doc. No. 53 at PageID 459.)  Plaintiff also states that he needs

additional time to introduce expert testimony that "support[s] Plaintiff's valuation of his real

estate and the calculation of his economic losses."  (*Id.*)

The Court is unpersuaded for two reasons.  First, in his Fed. R. Civ. P. 26(f) report,

Plaintiff represented that he needed to submit an expert report before dispositive motions.  (Doc.

No. 15 at PageID 179.)  Second, a cursory review of Plaintiff's complaint indicates that the

Orthodox Jewish practices, customs, and terms have been at issue since this case's conception –

including the importance of understanding Plaintiff's need to live within walking distance of a

"shul" or a place to gather with at least ten other Jewish men on Sahabbos.  (*E.g.*, Doc. No. 1 at

PageID 3-4, ¶ 14.)  It strains credulity to suggest that it was entirely unapparent to Plaintiff

before Mayor Brennan's deposition that an expert report on Orthodox Jewish customs, practices,

and language would assist the factfinder.  (*See id.*)  The same is true for the damages expert that

Plaintiff has yet to retain.  Plaintiff knew about his need to prove damages when he initiated this

action.  (Doc. No. 1 at PageID 2, 38, 47.)

Due to its preference for matters to be decided on the merits and that the motion is

unopposed,[1] the Court grants Plaintiff some relief despite his failure to establish good cause.

_____

[1] At the November 14, 2023, status conference, Defendants' counsel stated that they did not

*Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-CHB, 2022 WL 5035612, at \*3 (W.D. Ky.

Jan. 7, 2022) (determining that the court's preference for matters being decided on the merits is a

basis for an extension under Fed. R. Civ. P. 16(b)(4)). New deadlines are as follows:

- depositions of the named-defendants and third parties Christopher Cooney and Jack Kluznik: 12/8;

- deposition of Defendants' damages expert: 12/8; and

- dispositive motions: 1/26.

The Court will not resolve any disputes arising out of discovery occurring beyond these

deadlines. No further extensions will be granted.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: November 17, 2023

---

oppose Plaintiff's motion but disputed any notion that Defendant's had not been diligent in making themselves available for depositions. Counsel also represented that Defendants timely submitted their expert report.