# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GRAND, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-1594 |
| ) | |
| UNIVERSITY HEIGHTS, et al. ) | JUDGE BRIDGET M. BRENNAN |
| ) | |

### PLAINTIFF'S UNOPPOSED MOTION TO FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT BY INTERLINEATION

## INTRODUCTION

Plaintiff requests leave to amend the First Amended Complaint to change one single word. Specifically, Plaintiff seeks leave to amend the title of Count V of the First Amended Complaint through the deletion of the word "Fifth" and the substitution of the word "Fourteenth."[1] The pertinent part of the line presently reads "42 U.S.C. § 1983: United States Constitution, Fifth Amendment, Due Process of Law" and should instead read "42 U.S.C. § 1983: United States Constitution, Fourteenth Amendment, Due Process of Law."

Courts in virtually every federal district recognize that due process claims under the Fifth Amendment are at least analogous, if not identical, to due process claims under the Fourteenth Amendment, except that the Fifth Amendment applies to federal actors, whereas the Fourteenth Amendment applies to state and local actors. When confronted with a Fifth Amendment claim against state or local actors, or with a Fourteenth Amendment claim against federal actors, courts will often *sua sponte* construe a pleading as referring to the appropriate Amendment.

---

[1] The Amended Complaint will also strike the names of Defendants that have been voluntarily dismissed by Plaintiff.

Defendants are not prejudiced by the amendment and do not oppose the amendment. Accordingly, the Court should grant leave to amend and for Plaintiff to file the Second Amended Complaint attached as Exhibit 1.

## LEGAL ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, leave to amend should be freely given when justice so requires. "This and the other Federal Rules 'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Willakd Dairy Corp. v. National Dairy Products Corp.*, 373 U.S. 934, 1 (1963) (citing *Conley* v. *Gibson,* 355 U. S. 41, 48 (1957)).

The standard for granting a motion for leave to amend a complaint is liberal. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Leave to amend should generally be granted in the absence of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The underlying motivation behind allowing amendments is that "cases should be tried on their merits rather than on the technicalities of pleadings," and this motivation must inform the Court's decision. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

Here, the Plaintiff simply seeks to change a single word in his pleading; specifically, he seeks to change the title of his Fifth Count from reading "Fifth Amendment" to read instead "Fourteenth Amendment." This change would not "cause such a material change of the plaintiff's claim as to constitute the pleading of a new claim or cause of action." *See United States v. Lake City Malleable, Inc.*, 258 F. Supp. 241, 242 (N.D. Ohio 1966). The amendment does not add facts

to the prior pleadings and does no more than simply cite to the proper Constitutional Amendment that matches the facts pleaded in Plaintiff's First Amended Complaint.

The Supreme Court has long recognized that the Fourteenth Amendment is a "counterpart" to the Fifth Amendment. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (citing *Washington* v. *Glucksberg*, 521 U.S. 702, 719 (1997)). *See also Adamson v. California*, 332 U.S. 46, 66 (1947) ("It ought not to require argument to reject the notion that due process of law meant one thing in the Fifth Amendment and another in the Fourteenth."). *Cf. Fullilove v. Klutznick*, 448 U.S. 448, 518 n.2 (1980) (quoting *Buckley* v. *Valeo*, 424 U.S. 1, 93 (1976) (*per curiam*) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.").

The 6th Circuit, the Northern District of Ohio, and other jurisdictions have also expressly held that Fifth Amendment and Fourteenth Amendment due process claims are at least "analogous" if not "the same." *See, e.g. Parker v. Burt*, 595 F. App'x 595, 8 n.3 (6th Cir. 2015); *Medical Mut. v. deSoto*, 245 F.3d 561, 575 (6th Cir.2001) ("[T]he language and policies behind the Due Process Clause of the Fourteenth Amendment are essentially the same as those behind the Due Process Clause of the Fifth Amendment."); *Lindsey v. City of Cleveland*, Case No.: 1:04 CV 2239, at *13-14 (N.D. Ohio Sep. 30, 2010) (citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989)) ("The Due Process Clause of the Fifth Amendment is the federal counterpart to the due process clause of the Fourteenth Amendment."); *English v. District of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013) ("The procedural due process protections under the Fifth and Fourteenth Amendments are the same"); *Moghtader v. Geo Grp., Inc.*, Civil Action No. 5:18-CV-632-XR, at *7 n.1 (W.D. Tex. June 20, 2019) (stating that "the analysis" of Fourteenth Amendment claims "is the same" as Fifth Amendment claims).

As a result of the analogous nature of the Fifth and Fourth Amendment due process clauses plaintiffs often confuse them, and when they do, courts routinely construe claims of one as claims of the other. *See, e.g., Cornwell v. Bradshaw*, 559 F.3d 398, 411 n.6 (6th Cir. 2009) ("We construe his claim as one brought under the Fourteenth Amendment, not the Fifth Amendment, because Cornwell was prosecuted by the state and the Fourteenth Amendment applies to state action."); *Fisher v. Kerr*, 1:23-cv-393, at *6 n.2 (W.D. Mich. May 2, 2023) (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)) (same); *Sawyer v. Burke*, 504 F. App'x 671, 673-74 (10th Cir. 2012) (construing the plaintiff's Fifth and Fourteenth Amendment claims "to be one in the same"); *Rodriguez v. Cook*, 169 F.3d 1176, 1179 n.4 (9th Cir. 1999) (citing *Buckley v. Valeo*, 424 U.S. 1, 93 (1976)) (same); *Andreaccio v. Lynn*, 2:22-cv-00672-JAD-NJK, at *16 (D. Nev. May 29, 2023) (same); *Rodgers v. City of Lancaster Police*, No. 3:13-CV-2031-M-BH, at *14 n.16 (N.D. Tex. Jan. 6, 2017) (same); *MacKenzie v. Carson*, Civil Action No. 3:15-CV-0752-D, at *12 n.8 (N.D. Tex. Nov. 22, 2017) (same); *Leonard v. George Wash. Univ. Hosp.*, 273 F. Supp. 3d 247, 257-58 (D.D.C. 2017) (same); *Feliciano v. Dohman*, CIVIL ACTION No. 12-4713, at *19 (E.D. Pa. Mar. 25, 2013) ("Accordingly, in an effort to avoid dismissing this claim on what appears to be a technicality, the Court construes Plaintiff's claim to allege a violation of his Fifth Amendment rights as applied to him under the Fourteenth Amendment.") For these reasons, the proposed amendment is well-founded as a matter of law and plainly not futile.

The other relevant factors also weigh in favor of granting leave to amend. First, there is no undue delay in the present circumstances. It is a common error for attorneys to mistakenly plead the Fifth Amendment rather than the Fourteenth Amendment, and vice versa. Although Plaintiff could have sought leave to correct the error his attorney only recently adverted to the error and is promptly seeking to rectify the mistake. *See Choon's Design Inc. v. Tristar Prod., Inc.*, No. 14-

10848, 2014 WL 4064254, at *4 (E.D. Mich. Aug. 18, 2014) (no undue delay where party seeks to correct honest mistake promptly). Second, Plaintiff is not acting in bad faith and is simply seeking to address a mistake. Third, he has not been guilty of repeated failures to cure deficiencies by previous amendments, and the opposing party has been notified. Finally, the proposed amendment will not result in any prejudice to Defendants: new discovery or depositions will be necessary, the schedule does not need to change, and Defendants do not oppose the Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to Amend the First Amended Complaint to substitute the word "Fifth" for the word "Fourteenth" in Plaintiff's Fifth Cause of Action.

Dated: December 14, 2023                                   Respectfully submitted,

/s/ Jonathan S. Gross
Jonathan S. Gross, Esq.
BAR ID:  MD 1912170138
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com


/s/ Eden P. Quainton
Eden P. Quainton, Esq.
QUAINTON LAW PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
(212) 419-0575
eden.quainton@quaintonlaw.net

*Counsel for Plaintiff Daniel Grand*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

December 14, 2023

/s/ Jonathan Gross

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel and the motion is unopposed.

/s/ Jonathan Gross